```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANELYS HERNANDEZ, *on behalf of herself and all others similarly situated*,

                        Plaintiff,

                    v.

STALLEX SKIN CARE, INC.,

                        Defendant.

No. 23-CV-3085 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

      Plaintiff Janelys Hernandez, a legally blind individual, brings this action against Defendant Stallex Skin Care, Inc., alleging violations of the Americans with Disabilities Act ("ADA") and related state and local law. For the reasons set forth below, the Court dismisses this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

      Plaintiff initiated this action by filing a complaint on April 13, 2023. On May 8, 2023, the Court ordered the parties, within thirty days of service of the summons and complaint, to meet and confer in a good faith effort to settle the action; to the extent that the parties were unable to settle the matter, the Court ordered the parties to submit a joint letter within fifteen additional days requesting either referral to the Court-annexed Mediation Program or an initial status conference. On June 20, 2023, the parties filed a joint letter requesting an initial status conference. In an Order dated June 21, 2023, the Court scheduled the initial status conference for July 12, 2023. On June 23, 2023, Defendant filed an answer.

      On July 11, 2023, one day before the scheduled conference, the Court adjourned the conference because the parties had not filed the required materials—a joint letter describing the

action and a proposed case management plan—as instructed in the Court's Order dated June 21. The Court ordered the parties to propose a new date for an initial status conference no later than July 18, 2023, and warned that failure to do so may result in dismissal of the action pursuant to Rule 41(b).  On July 25, 2023—after receiving no response from the parties—the Court again ordered the parties to propose a new date for an initial status conference, or otherwise update the Court as to the status of this action, no later than August 2, 2023.  The Court warned that failure to do so will result in dismissal of this action pursuant to Rule 41(b).  No response from the parties has been received to date.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b).  "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  "No single factor is generally dispositive." *Id.*  Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

**DISCUSSION**

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of the parties' non-compliance is substantial: The last filing from either party was Defendant's answer on June 23, 2023, over two months ago, and the last joint communication from the parties was filed on June 20, 2023. *See, e.g.*, *Singelton v. City of New York*, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where the plaintiff had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"). Second, Plaintiffs were on notice that their failure to comply would result in dismissal: the Court's July 11, 2023 Order explicitly warned the parties that this action may be dismissed if they failed to respond, and the Court's July 25, 2023 Order further warned the parties that this action *will* be dismissed if they failed to respond. *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, Plaintiffs have been given an opportunity to be heard. Fourth, this case has been pending for more than four months, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that non-compliance warrants dismissal.

Because this action has not substantially burdened the Court's docket, however, as the Court has not yet decided any substantive motions, presided over any discovery, or scheduled trial, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this action. *Baptiste*, 768 F.3d at 216. Moreover, given that Defendant has also failed to file any

3

response to the Court's July 11 and July 25 Orders, the Court cannot conclude that Defendant would suffer prejudice if this litigation were allowed to continue. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Accordingly, the Court finds that dismissal without prejudice is the appropriate sanction here. *See, e.g., Ortega v. Mutt*, 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with not activity" (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:  August 28, 2023
        New York, New York

                                          Hon. Ronnie Abrams
                                          United States District Judge

4